

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00034-CR

_____

JEREMIAH JERMAINE JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 24F0147-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Jeremiah Jermaine Johnson pled guilty to failure to register as a sex offender before a Bowie County jury, which convicted him of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2). After a punishment trial to the bench, the trial court sentenced Johnson to ten years' imprisonment.

In his sole point of error on appeal, Johnson argues that his trial counsel rendered ineffective assistance "due to a chain of events leading to defendant introducing evidence unfavorable to his case." We have fully addressed this point in our opinion in cause number 06-25-00033-CR, in which Johnson appeals his conviction for indecency with a child by sexual contact. For the reasons stated therein, we likewise conclude here that a silent record does not support Johnson's claim of ineffective assistance of counsel, and we overrule his sole point of error.

Even so, our appellate record reflects that Johnson pled guilty to failing to register as a sex offender and that punishment was assessed by the trial court. The trial court's judgment mistakenly states that Johnson pled not guilty to the offense and that the jury assessed punishment. The judgment also mistakenly states that the statute of offense is found in the Texas Penal Code instead of the Texas Code of Criminal Procedure. As a result, we modify the trial court's judgment to reflect Johnson's plea of guilty, that punishment was assessed by the trial

court instead of the jury, and that the correct statute of offense is Article 62.102(b)(2) of the Texas Code of Criminal Procedure.[1]

As modified, we affirm the trial court's judgment.


Scott E. Stevens
Chief Justice

Date Submitted:     September 23, 2025
Date Decided:       October 17, 2025

Do Not Publish

---

[1]"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).